1  Marco Molina, SBN 338185
   Shaia Stambuk, SBN 329240
2  **BAKER & HOSTETLER LLP**
   600 Anton Boulevard, Suite 900
3  Costa Mesa, California 92626
   Telephone: 714.754.6600
4  Email: mmolina@bakerlaw.com
   sstambuk@bakerlaw.com
5
6  Carlos Ramos-Mrosovsky
   New York Bar No. 4554283
7  **BAKER & HOSTETLER LLP**
   45 Rockefeller Plaza, 14th Floor
8  New York, New York 10111
   Telephone: 212.589.4200
9  Email: cramosmrosovsky@bakerlaw.com
   *Pro Hac Vice Forthcoming*
10
   *Attorneys for Petitioner*
11 GERARD RICHARD WILLIAMS III

12

13                **UNITED STATES DISTRICT COURT**

14                **CENTRAL DISTRICT OF CALIFORNIA**

15 IN RE GERARD RICHARD              Case No.: 2:25-cv-1619
   WILLIAMS III,
16                                   **MEMORANDUM OF LAW IN**
              Petitioner.            **SUPPORT OF *EX PARTE***
17                                   **APPLICATION FOR AN ORDER**
                                     **PURSUANT TO 28 U.S.C. § 1782**
18                                   **TO CONDUCT DISCOVERY FOR**
                                     **USE IN A FOREIGN**
19                                   **PROCEEDING**

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

i

1
2

# TABLE OF CONTENTS

3  **I.**     **FACTUAL BACKGROUND** ....................................................**1**

4     A.    Petitioner's Background And The Original Dispute................................1

5     B.    Smear Campaign Against Petitioner and his Family. ............................2

6     C.    The Contemplated Vietnamese Proceedings.............................................5

7  **II.**    **ARGUMENT** ...................................................................................**6**

8     A.    Petitioner Satisfies the Statutory Requirements of  28 U.S.C. § 1782 .....7

9         1.    *Mr. Hung Resides Or Is Found In This District* ...............................7

10        2.    *The Discovery Sought Is For Use In A Contemplated Foreign*

11              *Proceeding* ....................................................................................10

12        3.    *Petitioner Is An Interested Person Under Section 1782* .................12

13    B.    The Court Should Exercise Its Discretion to Grant The Requested

14          Discovery Order .......................................................................................12

15    C.    The Court Should Grant Petitioner's Application *Ex Parte* ...................15

16 **III.**   **CONCLUSION**.........................................................................**16**

17
18
19
20
21
22
23
24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

# TABLE OF AUTHORITIES

**CASES**

*Canton v. U.S. Foods, Inc.*, No. 22CV04226TLTLJC, 2023 WL 4372699 (N.D. Cal. July 5, 2023) ................................................................................ 15

*Consumers' Ass'n v. Defendant*, No. 5:23-mc-80322-EJD, 2024 WL 251411 (N.D. Cal. Jan. 23, 2024) ......................................................................... 8, 9

*Digital Shape Techs., Inc. v. Glassdoor, Inc.*, No. 16-MC-80150-JSC, 2016 WL 5930275 (N.D. Cal. Oct. 12, 2016) ...................................................... 11

*Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075 (9th Cir. 2002) 12

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215, 2020 WL 820327 (N.D. Cal. Feb. 19, 2020) ................................................... 8

*In re Action & Prot. Found.*, No. C 14-80076 MISC EMC, 2014 WL 2795832 (N.D. Cal. June 19, 2014) ....................................................................... 13

*In re Application of Rainsy*, No. 16-mc-80258-DMR, 2017 WL 528476 (N.D. Cal. Feb. 9, 2017) ..................................................................................... 7

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944 (N.D. Cal. Jan. 17, 2013) ........................................................... 14

*In re Eurasian Nat. Res. Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167 (N.D. Cal. Mar. 30, 2018) ...................................................................... 15

*In re Ex Parte Application of Ambercroft Trading Ltd.*, No. 18-MC-80074-KAW, 2018 WL 2867744 (N.D. Cal. June 11, 2018) .................................. 10, 15

*In re Ex Parte Qualcomm*, 162 F. Supp. 3d 1029 (N.D. Cal. 2016) ....................... 8

*In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994 (N.D. Cal. Dec. 15, 2014) ...................................................................................................... 15

Baker & Hostetler LLP
ATTORNEYS AT LAW
COSTA MESA, CA

iii

*In re Honda*, No. 21-mc-80167-VKD, 2021 WL 3173210 (N.D. Cal. July 27, 2021)
........................................................................................................................15

*In re Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224
(N.D. Cal. Nov. 2, 2016)...................................................................13, 14, 16

*In re McKillen*, No. 2:24-mc-62-JFW-PD, 2024 WL 3678000 (C.D. Cal. Aug. 5,
2024)..................................................................................................................8

*In re McKillen*, No. 2:24-mc-62-JFW-PD, 2024 WL 3679548 (C.D. Cal. July 20,
2024)..................................................................................................................7

*In re Med. Corp. H&S*, No. 19-mc-80107-SVK, 2019 WL 2299953 (N.D. Cal. May
30, 2019)..........................................................................................................14

*In re Republic of Ecuador*, No. C–10–80225 MISC CRB (EMC), 2010 WL
3702427 (N.D. Cal. Sept. 15, 2010)................................................................16

*In re Request for Jud. Assistance From People's Ct. of Da Nang City in Vietnam in
Matter of Dinh v. Nguyen*, No. 22-MC-80149-JST, 2022 WL 3327923 (N.D. Cal.
Aug. 11, 2022).................................................................................................14

*In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568 (N.D.
Cal. Mar. 24, 2016) ...................................................................................14, 15

*In re Will Co.*, No. 21-mc-80211-JCS, 2021 WL 5322653 (N.D. Cal. Nov. 16,
2021)................................................................................................................14

*Intel Corp. v. Advanced Micro Devices Inc.*, 542 U.S. 241 (2004) .........7, 10, 12, 13

*Khrapunov v. Prosyankin*, 931 F.3d 922 (9th Cir. 2019)....................................7, 10

*Leutheusser-Schnarrenberger v. Kogan*, No. 18-MC-80171-JSC, 2018 WL
5095133 (N.D. Cal. Oct. 17, 2018).................................................................10

*Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101 (N.D. Cal. 2018).........................11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

iv

*Shueisha Inc. v. Paypal Holdings, Inc.*, No. 22-MC-80273-JSC, 2023 WL 2277102
 (N.D. Cal. Feb. 27, 2023) ................................................................................... 14

*United States v. Google LLC*, No. 23-MC-80149-PHK, 2023 WL 5725518 (N.D.
 Cal. Sept. 5, 2023) ............................................................................................... 7

*ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619 (2022) ........................................ 7

**STATUTES**

28 U.S.C. § 1782 .............................................................................................. passim

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

Petitioner Gerard Richard Williams III (the "**Petitioner**" or "**Mr. Williams**") respectfully submits this memorandum of law in support of his application for an order under 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding by serving subpoenas on Huynh Minh Hung (a/k/a Đàm Vĩnh Hưng) ("**Mr. Hung**"), who resides in this District.

# I.  FACTUAL BACKGROUND

## A.  PETITIONER'S BACKGROUND AND THE ORIGINAL DISPUTE.

Petitioner, Mr. Williams, is an American technology inventor, entrepreneur, and engineer. *See* Declaration of Gerard Richard Williams III, ¶ 2 ("Williams Decl."). He is the Senior Vice President of Engineering at Qualcomm Technologies. *Id.* Petitioner is married to Tuyen (Tiffany) Williams ("**Mrs. Williams**"). *Id.* ¶ 3. The couple has a strong relationship with members of the Vietnamese community located in this District and around the world. *Id.* ¶ 4.

One such member is Mr. Hung, a well-known Vietnamese celebrity and performer, with a stage name of Đàm Vĩnh Hưng. *Id.* ¶ 4. In addition to being a famous singer, Mr. Hung has appeared as a judge on popular Vietnamese singing shows like The Voice of Vietnam and The X Factor Vietnam. *Id.* Mr. Hung was previously a close friend of Mr. and Mrs. Williams for approximately 8 years and regularly visited their home in this District. *Id.* ¶ 5.

However, Petitioner and Mr. Hung became engaged in a high-profile legal dispute. *Id.* ¶ 6. On February 19, 2024, Mr. Hung performed several songs at a party hosted by Mong Linh Nguyen, a mutual friend of Mr. Hung and the Williams, for Vietnamese New Year that took place at the Williams' residence. *Id.* ¶ 13. While performing, Mr. Hung climbed onto a fountain base located in the courtyard of the Williams' home and then recklessly tried to jump onto the fountainhead that was located at the center of the fountain. *Id.* The fountainhead and pedestal immediately toppled under his weight. *Id.* (hereinafter, "the **Incident**"). Upon returning to Vietnam following the Incident, Mr. Hung posted a short video clip on his Facebook

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

account, sharing that he was doing fine. Mr. Hung also unequivocally admitted attempting a grand exit, taking what he termed a risk, by climbing onto the fountain's centerpiece – an action that ultimately led to his fall, Plaintiff's property damage, and his injury. *Id.* ¶ 14.

Months later, on October 31, 2024, Mr. Hung filed suit against Petitioner in Orange County Superior Court alleging negligence and premises liability. *Id.* ¶ 15. The suit sought damages in relation to the alleged injuries Mr. Hung sustained from the Incident. *Id.* On December 2, 2024, Petitioner filed a countersuit against Mr. Hung in Orange County Superior Court to recover the damages he caused to Petitioner's residence as a result of his reckless conduct. *Id.* ¶ 16 (collectively, "the **Lawsuits**"). Mr. Hung then voluntarily dismissed his suit with prejudice on December 2, 2024. *Id.* ¶ 17. Petitioner moved to voluntarily dismiss his countersuit without prejudice on January 6, 2025. *Id.* ¶ 18.

### B.    SMEAR CAMPAIGN AGAINST PETITIONER AND HIS FAMILY.

The legal disputes between Petitioner's family and Mr. Hung have received significant attention in the Vietnamese community because Mr. Hung is a very famous singer. *Id.* ¶ 19. The Vietnamese press, social media influencers, and online personalities in the Vietnamese community have closely reviewed and analyzed each filing in the two lawsuits, generating many dozens of videos and hours of content. *Id.* Many of the same individuals and organizations continue to publish about these legal matters, speculating as to what will happen next between Petitioner and Mr. Hung. *Id.*

Because Mr. Hung has many fans in the Vietnamese community, many of these media organizations and individuals have attacked the reputations of Petitioner and his family, unleashing a barrage of defamatory, insulting, and threatening messages on social media platforms including Facebook and YouTube. *Id.* ¶¶ 19-22. Such statements include:

2

a) Gerard Williams is a "dishonest, deceitful, inhuman insurance fraudster."

b) Gerard Williams is a person who "engaged in illegal activities by defrauding the insurance carrier and misusing insurance proceeds by not paying Dam Vinh Hung."

c) Gerard Williams is a "Scammer" and "Liar" because he induced Dam Vinh Hung into dismissing the lawsuit."

d) Gerard Williams is "crueler than communists as he induced Dam Vinh Hung into dismissing the injury lawsuit."

e) Gerard Williams "bought fame with money" and is likened to "a stinky prostitute" and Gerard Williams is "a hypocrite."

Mr. Hung's fans also attacked Petitioner's wife, making such statements as:

a) Gerard Williams' wife is "worse than a prostitute."

b) Gerard Williams' wife is "a scammer and cheater because she induced Dam Vinh Hung to drop the lawsuit."

c) Gerard Williams' wife is an "odorous prostitute,"

d) Gerard Williams' wife is "hypocrite," "uneducated," and "abuser" because she coerced Dam Vinh Hung into dismissing the premise liability lawsuit.

e) Gerard Williams' wife is "lascivious and a lustful prostitute who has a dirty past."

f) Gerard Williams' wife engaged in sexual misconduct, promiscuity, and immoral behavior, in response to Defendant Doan written publication to Gerard Williams regarding $300,000 donation to Dam Vinh Hung Show.

g) Tuyen Williams, "spent all day planning how to harm and wishing Dam Vinh Hung death."

h) Gerard Williams cheated on his wife financially and he will divorce his wife, and she will be penniless.

These slanderous and libelous statements are offensive, deeply hurtful, and blatantly dehumanizing. *Id.* ¶ 25; *see also* ¶¶ 23-24.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

Due to the smear campaign, Petitioner and his family have received myriad death threats. There is an online campaign dedicated to "murdering" Petitioner based on the false premise that he somehow caused Mr. Hung's injuries. *Id.* ¶ 30. Supporters of Mr. Hung's have repeatedly made posts supporting "the ongoing plan to murder [Petitioner]," threatening that Mr. Hung's fans should "not let [Petitioner] survive" and should "[j]ust send someone to murder [Petitioner]," and advocating for "[Petitioner] being murdered." *Id.* ¶¶ 30-33. There are also online posts sharing the personal information, home address, and photos of Petitioner and his family. *Id.* ¶ 34. In addition to these threats, Petitioner and his family have also received many profane, menacing, and threatening voice messages from anonymous callers. *Id.* ¶ 35. For example, Mrs. Williams received an anonymous call via Facebook Messenger where the caller threatened to kidnap the Williams' daughter if the dispute with Mr. Hung continued. Within five minutes of receiving this call, Mrs. Williams' Facebook account was hacked. *Id.* ¶ 36.

Some of the individuals behind the campaign of defamatory comments and attacks appear to be residents of Vietnam. *Id.* ¶ 28. Additionally, various Vietnamese news outlets have published news articles with one-sided, false narratives about Petitioner and his family. *Id.* ¶ 29.

These threatening and false statements have caused reputational and psychological damage to Petitioner and his family. The threats have caused Petitioner and his family extreme emotional distress and fear for their physical safety, and Petitioner is in the process of hiring personal security for both himself and his family. *Id.* ¶ 37.

The smear campaign does not just reflect the vitriol of Mr. Hung's fans but appears actually to be a coordinated campaign to advance Mr. Hung's interests by bullying, smearing, threatening, and extorting Petitioner and his family's reputation. *Id.* ¶¶ 44-47. Petitioner is pursuing civil remedies available to him under U.S. law. *Id.* ¶ 37. To that end, Petitioner initiated a defamation case in Texas against four U.S.-

4

domiciled individuals (Dai Duong Pham, Thu Thuong Doan, Tu Nguyen, and Nhu Ta) in response to defamatory and threatening content they published in December 2024 about his family's character and reputation. *Id.* ¶¶ 10, 21.

## C. THE CONTEMPLATED VIETNAMESE PROCEEDINGS.

Petitioner also anticipates pursuing civil and administrative remedies against individuals residing in Vietnam who are involved in the defamation and harassment of Petitioner and his family ("**Contemplated Vietnamese Proceedings**"). *Id.* ¶ 38. Vietnamese law prohibits the use of false information to distort, slander or damage the honor, dignity and reputation of individuals. Specifically, Article 34 of the Vietnamese Civil Code of 2015 provides that "[t]he honor, dignity and reputation of an individual is inviolable and is protected by law" and that "an individual whose honor, dignity and reputation is adversely affected by information shall, in addition to the right to request refutation of such information, have the right to request that the person providing such information publicly apologize, correct [the information], and pay compensation for loss or damage." *Id.* ¶ 40. Various administrative laws may also apply. For example, Article 99 of Decree 15/2020/ND-CP (2020) promulgates an administrative fine ranging from VND 20,000,000 to VND 30,000,000 [about $800-$1200] for each instance of "providing false information with the aims of distorting, slandering or damaging the prestige, honor and dignity of other organizations or individuals," in violation of regulations on postal services, telecommunications, radio frequencies, information technology and electronic transactions. *Id.* ¶ 41.

Petitioner has engaged Vietnamese counsel to analyze and review the offending material to discern the types of claims that can be brought under Vietnamese law. *Id.* ¶ 39. Vietnamese counsel has also helped Petitioner identify some individuals and entities who are facilitating defamation and threats against his family. But discovery is needed to identify individuals coordinating the smear campaign as well as the nature and circumstances behind this misconduct.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

Petitioner seeks discovery from Mr. Hung to aid the Contemplated Vietnamese Proceedings. *Id.* ¶ 43. Mr. Hung has personal knowledge of the nature and scope of the smear campaign against Petitioner and his family as well as the identities of the organizations and individuals responsible for it. *Id.* ¶ 44. This is evident from a recent interview of one of the individuals contributing to the smear campaign in Texas, who has unequivocally admitted (on a Vietnamese media outlet called "TD Media TV", whose owner has a close relationship with Mr. Hung) to signing a non-disclosure agreement with others such that he could obtain more information to use against Petitioner and his family. *Id.* ¶ 45. Petitioner believes there may be similar agreements with persons and media organizations located in Vietnam. *Id.* On information and belief, Mr. Hung also has knowledge of whether the individuals responsible for these defamatory and harassing statements are receiving money from individuals located in Vietnam to fund their efforts. *Id.* ¶ 46.

Mr. Hung is also well-connected to the Vietnamese media and Vietnamese-based social media influencers, given that he has been a Vietnamese music icon for decades. *Id.* ¶ 47. He can offer testimony and/or documents that will further reveal the malicious and harassing scope of the campaign waged against Petitioner and his family. *Id.*

## II.  **ARGUMENT**

Section 1782 of Title 28 of the United States Code permits United States District Courts to grant discovery for use in a foreign proceeding. The statute, in relevant part, states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

28 U.S.C. § 1782. The statute's "twin aims" are to provide "efficient assistance to participants in international litigation and encourag[e] foreign countries by example to provide similar assistance to our courts." *United States v. Google LLC*, No. 23-MC-80149-PHK, 2023 WL 5725518, at \*5 (N.D. Cal. Sept. 5, 2023) (citing *Intel Corp. v. Advanced Micro Devices Inc.*, 542 U.S. 241, 252 (2004) and *ZF Auto. US, Inc. v. Luxshare, Ltd*., 596 U.S. 619, 632 (2022)). When a court finds that the statutory requirements of 28 U.S.C. § 1782 are met, it may, in its discretion, grant an application for discovery. The United States Supreme Court has articulated a number of factors the district courts should consider when weighing an application under Section 1782 in the seminal *Intel Corp. v. Advanced Micro Devices Inc.* case. 542 U.S. at 264. As discussed in greater detail below, Petitioner satisfies the statutory requirements of 28 U.S.C. § 1782 and all of the discretionary factors set forth in *Intel* weigh in favor of granting Petitioner the requested discovery.

### A.    PETITIONER SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782

Courts may grant an application made under 28 U.S.C. § 1782 where "(1) the person from whom the discovery is sought 'resides or is found' within the district…(2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); *see also In re Application of Rainsy*, No. 16-mc-80258-DMR, 2017 WL 528476, at \*2 (N.D. Cal. Feb. 9, 2017) (internal citation omitted). Petitioner's application satisfies all three statutory requirements.

### 1.    *Mr. Hung Resides or Is Found in This District*

First, Mr. Hung "resides or is found" in this District. 28 U.S.C. § 1782(a); *Khrapunov*, 931 F.3d at 925. A person fulfills the "resides or is found" requirement if they maintain a residential address in this District. *In re McKillen*, No. 2:24-mc-62-JFW-PD, 2024 WL 3679548, at \*1, 3 (C.D. Cal. July 20, 2024), report and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

7

MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

recommendation adopted, 2024 WL 3678000 (C.D. Cal. Aug. 5, 2024) (concluding foreign citizen "resides or is found" in this District because he maintains a personal residence here). The "found" prong of the statute is further satisfied if the respondent has a presence in this District. *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020). In addition to facts such as regular physical presence and owning property, a respondent demonstrates presence in this District by availing himself or herself of the jurisdiction of California courts. *See In re Ex Parte Qualcomm*, 162 F. Supp. 3d 1029, 1036-37 (N.D. Cal. 2016) (relying on the fact that the respondents had "availed themselves of the jurisdiction of this court in many protracted lawsuits" related to the 1782 application), cited by *Consumers' Ass'n v. Defendant*, No. 5:23-mc-80322-EJD, 2024 WL 251411, at *2 (N.D. Cal. Jan. 23, 2024) (same).

Mr. Hung is a U.S. permanent resident who resides in this District at 21131 Greenboro Lane, Huntington Beach, CA 92646. Williams Decl. ¶ 49. Mr. Hung has maintained a residence in this state since at least 2013 and spends many months of the year in California. *Id.* ¶ 50. Most recently, Mr. Hung spent the holidays in Huntington Beach from November – December 2024, according to his social media activity. *Id.* ¶ 53. He uses and keeps his personal cell phone in this District, from which he makes frequent social media posts geotagged to this District and showing his California home and car, among other things. *Id.* He has also stated in news articles that he has chosen to live in Southern California. *Id.* ¶ 54. Mr. Hung regularly performs in this District and performed in at least 18 shows in the United States in 2024, three of which were in California. *Id.* ¶ 55. He was previously the manager of a California-registered entity called Tieng Hat Viet USA LLC, which was engaged in organizing events and concerts. *Id.* ¶ 58. Finally, Mr. Hung has subjected himself to the personal jurisdiction of the courts in this District on more than one occasion, including in each of the cases in which he and Petitioner have been adverse parties, as well as in his 2022 divorce proceeding. *Id.* ¶ 51. In the premises liability lawsuit

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

Mr. Hung initiated against Petitioner, Mr. Hung specifically alleged he was "a resident of the City of Huntington Beach, County of Orange, State of California." *Id.* ¶ 52.

Mr. Hung also has extensive family and social ties in this District, as evidenced by his prior friendship with the Williams family, his relationship with his "sister" Jennifer Han Vu, who lives here, and his eighteen year marriage to Lien Jackie Pham. *Id.* ¶¶ 56-57. He has previously stated he has up to 60 family members living in the Los Angeles area and has had relatives living in the area since 1982. *Id.* ¶ 57.

Petitioner owns property in this District, maintains a regular physical presence in this District, and has availed himself of the jurisdiction of the courts in this District. The discovery sought by Petitioner arises directly out of these California state lawsuits and how they have caused incredible damage and pain for Petitioner and his family. *Id.* ¶ 48; *Consumers' Ass'n v. Defendant*, 2024 WL 251411, at *2. Moreover, Petitioner seeks records from Mr. Hung's email and cell phone that are personally held and maintained in this District and should be readily available for production. Specifically, Petitioner seeks documents and testimony from Mr. Hung as follows:

1. Communications between Mr. Hung and Tran My Lien, Phong Tran, Tuong Vy Hoang, and Nhu Ngoc regarding the Incident,[1] the Lawsuits,[2] and the Williams Family, from February 19, 2024 to present.[3]

2. Communications between Mr. Hung and Tuoi Tre Cuoi, 2sao, Bao Giao Thong, Tien Phong Online, and any other Vietnam-based persons or entities regarding the Incident, the Lawsuits, and the Williams Family, from February 19, 2024 to present.

3. Documents and communications between Mr. Hung and any Vietnam-based persons or entities sufficient to show any executed or contemplated

---

[1] Defined to mean the fountain incident that took place on February 19, 2024, at Petitioner's residence, whereby Mr. Hung was allegedly injured.
[2] Defined to mean the two Orange County lawsuits, styled as *Huynh vs. Williams III*, No. 30-2024-01436961-CU-PO-CJC and *Williams III v. Huynh*, No. 30-2024-01443938-CU-PO-CJC.
[3] Defined to mean Gerard Richard Williams III, Tuyen (Tiffany) Williams, and their children.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

1  non-disclosure agreement relating to the Incident, the Lawsuits, and the

2  Williams Family, from February 19, 2024 to present.

3  4.  Documents and communications between Mr. Hung and any Vietnam-

4  based persons or entities sufficient to show monetary transactions relating

5  to the Incident, the Lawsuits, and the Williams Family, from February 19,

6  2024 to present.

7  5.  Documents and communications between Mr. Hung and Mr. Hung's Public

8  Relations Team[4] sufficient to show any media strategy or plan in Vietnam

9  relating to the Incident, the Lawsuits, and the Williams Family, from

10  February 19, 2024 to present.

11  Williams Decl. ¶ 48. A copy of Petitioner's subpoenas to Mr. Hung, encompassing

12  these categories of documents and requests for deposition testimony, are attached to

13  the Application as Exhibits B1 and B2.

### 2.  *The Discovery Sought Is For Use In A Contemplated Foreign Proceeding*

16  Second, the discovery sought is for use in a contemplated civil proceeding in

17  Vietnam. In *Intel*, the Supreme Court explained that a foreign proceeding need not

18  be "pending" or even "imminent" when the discovery is sought. 542 U.S. at 258–59.

19  So long as a future proceeding is "within reasonable contemplation," it satisfies the

20  statute's requirement. *Id.* at 259; *see also Khrapunov*, 931 F.3d at 925. Courts in the

21  Ninth Circuit have held this low bar is met where the proceeding "is more than just

22  a twinkle in counsel's eye." *Leutheusser-Schnarrenberger v. Kogan*, No. 18-MC-

23  80171-JSC, 2018 WL 5095133, at *3 (N.D. Cal. Oct. 17, 2018) (internal citation

24  omitted); *In re Ex Parte Application of Ambercroft Trading Ltd.*, No. 18-MC-80074-

25  KAW, 2018 WL 2867744, at *3 (N.D. Cal. June 11, 2018) (accord).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

---

[4]  Defined to mean all persons or entities that Mr. Hung works or consults with, formally or informally, to manage his reputation and media relations.

10

MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

As detailed above, Petitioner has engaged Vietnamese counsel and started to gather evidence to identify the individual perpetrators located in Vietnam. Williams Decl. ¶¶ 28-29, 39. Petitioner, through his counsel, has also identified potential causes of action under Vietnamese law and is further evaluating these causes of action based on the defamatory and harassing statements made against him. *Id.* ¶¶ 40-41. These steps more than satisfy this Circuit's threshold for "reasonable contemplation."

Next, to be "for use" in a foreign proceeding, the information sought must be relevant. *Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1110 (N.D. Cal. 2018). "The party issuing the subpoena has the burden of demonstrating the relevance of the information sought" through a *prima facie* showing. *See Digital Shape Techs., Inc. v. Glassdoor, Inc.*, No. 16-MC-80150-JSC, 2016 WL 5930275, at *3 (N.D. Cal. Oct. 12, 2016). Courts in this state interpret this showing to be minimal in nature, since "[r]elevancy, for purposes of discovery, is defined broadly." *Id.* (citation omitted).

Here, the discovery Petitioner seeks is both relevant and will aid in the Contemplated Vietnamese Proceedings. Each of the aforementioned categories of documents and associated testimony will shed light on the ongoing campaign to defame and harass Petitioner and his family. The documents Petitioner seeks will also specifically identify individuals located in Vietnam who are involved in such conduct and assist Petitioner in determining which claims to pursue under Vietnamese law as well as the quantum of damages owed to him.

For example, in Requests 1 and 2, Petitioner seeks documents and sworn testimony regarding Mr. Hung's communications with persons in Vietnam related to the Incident, the Lawsuits, or the Williams family. Williams Decl. ¶ 48. These discovery requests will help Petitioner confirm whether the persons he has identified are involved in the campaign against him and what their role is, ultimately strengthening any case or claim he may bring against them under Vietnamese law.

11

Similarly, Requests 3 and 4 seeks documents and sworn testimony regarding Mr. Hung's communications with any Vietnam-based persons sufficient to show any executed or contemplated non-disclosure agreement, as well as any monetary transfers. *Id.* This will help Petitioner identify the persons in Vietnam involved in the campaign against him, and the evidence obtained will help him prove his Vietnamese law claims.

Request 5 seeks documents and sworn testimony regarding communications between Mr. Hung and his public relations team, which will also help identify individuals in Vietnam that are involved in the campaign against Petitioner and their role in spreading and amplifying defamatory and harassing content about him and his family. *Id.*

### 3.    *Petitioner Is an Interested Person Under Section 1782*

Third, Petitioner is an "interested person" authorized to bring this application because he will be filing the Contemplated Vietnamese Proceedings. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782.") (citations and quotations omitted).

Petitioner thus satisfies each of the three requisite statutory elements necessary to permit this Court to order discovery under 28 U.S.C. § 1782.

### B.    THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT THE REQUESTED DISCOVERY ORDER

Once the statutory requirements of 28 U.S.C. § 1782 are met, a district court has broad discretion to grant the application. *See Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002). To guide district courts in the decision to grant a section 1782 application, the Supreme Court has identified several factors that they may consider: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign

12

MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

court to federal-court assistance; (3) whether the application conceals an attempt to circumvent foreign proof gathering restrictions of a foreign country; and (4) whether the application is unduly intrusive or burdensome. *Intel Corp.*, 542 U.S. at 264-65.

"Although the Court individually analyzes each discretionary factor, they are not stand-alone categorical imperatives but rather involve overlapping considerations, which are considered collectively by the [C]ourt." *In re Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *4 (N.D. Cal. Nov. 2, 2016) (quoting *In re Action & Prot. Found.*, No. C 14-80076 MISC EMC, 2014 WL 2795832, at *5 (N.D. Cal. June 19, 2014)) (internal quotation marks and alteration omitted). As such, no one factor is dispositive. *See generally id*.

Here, the factors weigh in favor of granting Petitioner's application.

The first discretionary factor weighs in favor of granting the requested relief. Indeed, Mr. Hung would not be a party to the Contemplated Vietnamese Proceedings. Petitioner plans to bring claims in the Contemplated Vietnamese Proceedings only against individuals and media outlets located in Vietnam who are responsible for the threats to himself and his family. Williams Decl. ¶ 38. Moreover, the Vietnamese tribunal that will oversee the Contemplated Vietnamese Proceedings would not be able to compel Mr. Hung (a third party residing in California) to produce any type of discovery. *Id.* ¶ 61. As the Supreme Court has explained, this is exactly the context in which a U.S. federal court should grant discovery applications under Section 1782. *Intel Corp.*, 542 U.S. at 264 (finding that Section 1782 discovery was appropriate where "nonparticipants in the foreign proceedings [are] outside the foreign tribunal's jurisdictional reach" making their "evidence, available in the United States, . . . unobtainable absent § 1782(a) aid").

The second factor identified by the Supreme Court—the nature of the foreign proceeding and the receptivity of the foreign tribunal to federal court assistance— also weighs in favor of this Application. This factor "focuses on whether the foreign tribunal is willing to consider the information sought." *In re Will Co.*, No. 21-mc-

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

13

80211-JCS, 2021 WL 5322653, at *3 (N.D. Cal. Nov. 16, 2021) (quoting *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016)). "Where there is no evidence suggesting that foreign courts would be unreceptive to the requested discovery, the second discretionary factor weighs in favor of the application." *Id*. (citing *In re Med. Corp. H&S*, No. 19-mc-80107-SVK, 2019 WL 2299953, at *3 (N.D. Cal. May 30, 2019)). This factor weighs in favor of discovery unless the foreign tribunal in question has expressly made it clear that it will not accept the evidence. *See Raiffeinsenbank*, 2016 WL 6474224, at *5 (stating that, under this factor, "courts look for authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of § 1782") (emphasis in original) (citation and quotations omitted).

Here, there is no evidence that the discovery sought in this application would "offend" Vietnam. Williams Decl. ¶¶ 62-63. Nor is there any indication that the documents sought would be inadmissible in Vietnam. *Id.* ¶ 63. To the contrary, claimants in civil or administrative proceedings in Vietnam are entitled to introduce evidence obtained from any source, including discovery from the United States. *Id.* Other federal district courts have granted 1782 applications in support of Vietnamese proceedings. *See, e.g.*, *Shueisha Inc. v. Paypal Holdings, Inc*., No. 22-MC-80273-JSC, 2023 WL 2277102, at *1 (N.D. Cal. Feb. 27, 2023); *In re Request for Jud. Assistance From People's Ct. of Da Nang City in Vietnam in Matter of Dinh v. Nguyen*, No. 22-MC-80149-JST, 2022 WL 3327923, at *1 (N.D. Cal. Aug. 11, 2022).

The third factor also suggests that discovery should be granted, as this application is not an attempt to circumvent any foreign proof-gathering restrictions. "[A] perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Cathode Ray Tube (CRT) Antitrust Litig*., No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013). On the other hand, absence of evidence of attempted circumvention of the foreign tribunal's proof-gathering procedures weighs in favor

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

14

of an application under § 1782. *See, e.g.*, *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *In re Eurasian Nat. Res. Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018); *In re Honda*, No. 21-mc-80167-VKD, 2021 WL 3173210, at *4 (N.D. Cal. July 27, 2021).

The discovery sought in this application does not, to Petitioner or his legal counsel's knowledge, "side-step" or violate any restrictions under Vietnamese or U.S. law on evidence gathering. Williams Decl. ¶ 62. A Vietnamese tribunal simply lacks the ability to compel this type of discovery from Mr. Hung, as Vietnam does not have pre-trial discovery procedures like those available in the United States. *Id.* ¶ 60. Thus, this factor weighs in Petitioner's favor.

Finally, this application is not burdensome. The requested discovery compromises only five discovery requests, and is narrowly tailored and drafted in such a manner that the requested information will be easily identifiable to Mr. Hung. *In re Ex Parte Application of Ambercroft Trading Ltd.*, 2018 WL 2867744, at *5. Also, Petitioner only seeks records and documents that would have been created since the Incident occurred on February 19, 2024. *See* Exs. B1 and B2, Subpoena, "Relevant Time Period"; *see also Canton v. U.S. Foods, Inc.*, No. 22CV04226TLTLJC, 2023 WL 4372699, at *5 (N.D. Cal. July 5, 2023) (discovery requests were not burdensome dating back to 2010, since the requested documents were relevant and proportionate to the needs of the case). Mr. Hung should have little problem locating and producing these documents and testifying regarding the same.

## C.    THE COURT SHOULD GRANT PETITIONER'S APPLICATION *EX PARTE*

The Court should grant Petitioner's application *ex parte*. *Ex parte* applications under this statute are routine and commonplace. *See, e.g.*, *In re: Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *2 (explaining that even though, in general, *ex parte* requests are disfavored, Section "1782 petitions are regularly reviewed on an *ex parte* basis."). This is because a respondent's due process rights are not violated when he

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

can later challenge any discovery request by moving to quash pursuant to the Federal Rules of Civil Procedure. *See In re Raiffeinsenbank*, 2016 WL 6474224, at *3; *see also In re Republic of Ecuador*, No. C–10–80225 MISC CRB (EMC), 2010 WL 3702427, at *5 (N.D. Cal. Sept. 15, 2010) ("'Such *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'") (internal citation omitted). Accordingly, Mr. Hung will not be prejudiced by granting Petitioner's application *ex parte* because he will have an opportunity to challenge the discovery Petitioner is seeking once it is served.

## III.    **CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court endorse the Proposed Order attached to the *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in A Foreign Proceeding ("Application") as Exhibit A, to serve the subpoenas for production of documents and for deposition testimony, attached to the Application as Exhibits B1 and B2.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  February 25, 2025

**BAKER & HOSTETLER LLP**

By: _____
Marco Molina, SBN 338185
Shaia Stambuk, SBN 329240
**BAKER & HOSTETLER LLP**
600 Anton Boulevard, Suite 900
Costa Mesa, California 92626
Telephone: 714.754.6600
Email: mmolina@bakerlaw.com
sstambuk@bakerlaw.com

Carlos Ramos-Mrosovsky
*New York Bar No. 4554283
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Telephone: 212.589.4200
Email: cramosmrosovsky@
bakerlaw.com
*Pro Hac Vice Forthcoming*

*Attorneys for Petitioner*
GERARD RICHARD WILLIAMS III

MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

### Certificate of Compliance with L.R. 11-6

The undersigned, counsel of record for Petitioner Gerard Richard Williams III ("Petitioner") certifies that Petitioner's Memorandum of Law in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery For Use in a Foreign Proceeding contains 5,079 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated:  February 25, 2025

**BAKER & HOSTETLER LLP**

By: _____

Marco Molina, SBN 338185
Shaia Stambuk, SBN 329240
**BAKER & HOSTETLER LLP**
600 Anton Boulevard, Suite 900
Costa Mesa, California 92626
Telephone: 714.754.6600
Email: mmolina@bakerlaw.com
sstambuk@bakerlaw.com

Carlos Ramos-Mrosovsky
*New York Bar No. 4554283
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Telephone: 212.589.4200
Email: cramosmrosovsky@
bakerlaw.com
*Pro Hac Vice Forthcoming*

*Attorneys for Petitioner*
GERARD RICHARD WILLIAMS III

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA, CA

18